**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MILDRED PANTER, Personal Representative of
the Estate of ALOJZY G. PANTER,

      Plaintiff,

v.                                      Case No. 06-CV-12014-DT

INTERNATIONAL HEALTH CARE
PROPERTIES IX, LIMITED PARTNERSHIP,
d/b/a HILLTOP MANOR AND HEALTHCARE
CENTER ,

      Defendant.
                                        /

**ORDER OF DISMISSAL**

On May 2, 2006, Plaintiff Mildred Panter, personal representative of the estate of Alojzy Panter initiated this negligence action against Defendant International Health Care Properties IX, Limited Partnership, d/b/a Hilltop Manor and Healthcare Center. Plaintiff alleges subject matter jurisdiction through diversity of citizenship. *See* 28 U.S.C. § 1332. After reviewing the complaint, the court ordered Plaintiff to show cause why her action should not be dismissed for lack of subject matter jurisdiction, or reassigned to the Northern Division of the Eastern District of Michigan. (*See* 5/16/06 Order.) Plaintiff timely responded on May 17, 2006. For the reasons discussed below, the court will dismiss this action for lack of subject matter jurisdiction.

As the court noted in its May 16, 2006 Order, "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). "It is to be presumed that

a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the part asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In this case, Plaintiff asserts subject matter jurisdiction through diversity of citizenship. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Thus, the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.

Plaintiff's initial complaint was deficient because she failed to allege facts by which this court can accurately determine whether complete diversity exists between the parties. In her "Response to Order to Show Cause," Plaintiff sufficiently corrects one of the deficiencies, in that she identifies the decedent, Alojzy Panter, as being a Michigan citizen.[1] (*See* Resp. at 1-2.)

Plaintiff has nonetheless failed to satisfactorily respond to the other deficiency noted in the May 16, 2006 order, in that Plaintiff's allegations with respect to the

---

[1] Plaintiff states that the original complaint alleged that the decedent was a "resident" of Roscommon. (Pl.'s Resp. at ¶ 1.) An individual, however, is not necessarily a citizen of the place in which he or she resides. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Rather, an individual is a citizen of the state in which he or she is domiciled, which is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely. *See id.* Thus, Plaintiff's allegations in her complaint with respect to the decedent were insufficient. Plaintiff has, however, since amended her complaint to allege that the decedent was a resident *and a citizen* of the state of Michigan. (First Am. Compl. at ¶ 1.)

citizenship of Defendant are insufficient to persuade the court that subject matter jurisdiction exists. In her Complaint and First Amended Complaint, Plaintiff alleges that Defendant is a limited partnership "which maintains its principal place of business and is a citizen of Atlanta, Georgia." (Compl. at ¶ 2; First Am. Compl. at ¶ 2.) As the court pointed out to Plaintiff in its May 16, 2006 order, a limited partnership is deemed a citizen of each state in which its general and limited partners are citizens. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 192 (1990); *Lincoln Prop. Co. v. Roche*, --- U.S.---, ---, 126 S.Ct. 606, 610 n.1 (2005). To date, Plaintiff has failed to allege the citizenship of Defendant's general and limited partners, and the court cannot determine the citizenship of Defendant. Accordingly, the allegations with respect to citizenship are insufficient to determine whether there is complete diversity of citizenship and whether the court has subject matter jurisdiction over this action. Plaintiff argues in her May 17, 2006 response that she "knows of no way at this junction (without discovery) of determining whether or not every individual member of the limited partnership lives out of the State of Michigan." (Pl.'s Resp. at 2.) Plaintiff's response, which essentially requests discovery before making even a good faith allegation of diversity jurisdiction, is wholly inadequate.

     It is well-settled that Plaintiff's "averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments." *Brown v. Keene,* 33 U.S. 112, 115 (1834). Thus, complaints which fail to set forth specific jurisdictional allegations must be dismissed. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.,* 145 F.3d 660, 663 (4th Cir. 1998) (finding jurisdiction lacking

where pleadings failed to aver facts necessary to support naked allegation of citizenship); *Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991) ("To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, . . . ignoring mere conclusory allegations of jurisdiction.") (citations omitted).  Here, the court has provided Plaintiff with an opportunity to supplement her otherwise deficient complaint with additional averments to persuade the court of the presence of subject matter jurisdiction, but Plaintiff has failed to do so.  As the Supreme Court has held:

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. *And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.*

*McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Even viewed collectively, Plaintiff's Complaint, First Amended Complaint and "Response to Order to Show Cause," fail to meet the burden imposed on Plaintiff, and the court will therefore dismiss this action without prejudice for failure to sufficiently allege the existence subject matter jurisdiction.[2]

---

[2] In the event this matter is re-filed with sufficient jurisdictional allegations, the Clerk of the Court should assign it to the Northern Division of the Eastern District of Michigan because Defendant resides, and the events giving rise to this cause of action occurred, in Roscommon, Michigan.  E.D. Mich. LR 83.10(a)(2).

For the reasons stated above, IT IS ORDERED that this action is DISMISSED without prejudice for lack of subject matter jurisdiction.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 30, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522